BUSENIUS *et als. v.* COFFEE *et als.*

An allegation, in a verified complaint, that "defendants wrongfully and unlawfully entered upon and dispossessed" plaintiff, is not sufficiently denied by a denial that "defendants *wrongfully* and *unlawfully* entered and dispossessed" plaintiff, because such denial admits entry and ouster.

Where, in such case, the defendants deny ownership in plaintiff, and set up ownership in themselves, it is not error to instruct the jury that the only question for them to determine is as to who has the better right to the premises. Such instruction does not imply that plaintiffs can recover, even if they do not establish, *prima facie*, a title.

For error in refusing to give an instruction to the jury, the Supreme Court will not undertake to determine how far the party excepting was prejudiced, but will reverse the judgment.

APPEAL from the Fourteenth District.

Ejectment. The jury found for defendants. Judgment accordingly, and plaintiffs appeal.

*Francis J. Dunn,* for Appellants.

The Court erred in refusing to give the first instruction asked by plaintiff, which instruction was to the effect, that the pleadings in the case admitted entry and ouster, and that the only question with the jury was, who had the best right. The answer conceded entry and ouster. (Pr. Act, Secs. 46—51, 65, 66; *De Ro* v. *Cordes,* 4 Cal. 117; *Dewey* v. *Bowman,* 7 Id. July T.; *Humphrey* v. *McCall,* 8 Id. Jan. T.; *Texer* v. *Gorwin,* 5 Duer, 389; *Thomson et al.* v. *Lee et al.* Cal.)

*T. B. McFarland,* for Respondents.

I. The Court below did not err in refusing to instruct the jury "that under the pleadings in the case, the entry of defendants and ouster of plaintiffs is admitted." The answer of defendants does not admit the entry or ouster, but specifically denies the same in the precise words in which the allegation is made in the complaint, and this has always been held a sufficient denial. (Chit. Pl. Vol. 1, 605, *et seq.*) The specific denial in the first part of the answer is not changed or waived, by the claim of ownership therein, afterward set up. The proof, indeed, shows that the only question between the parties was as to the ownership of the ground in dispute; but this instruction relates only to the pleadings, and the latter do not show that the ground, in

relation to which the entry and ouster are alleged in the complaint, is the same ground claimed in the answer. And then, the instruction embodies both entry and ouster; and, granting that the answer admits entry, it certainly does not admit ouster. The latter can occur only where a party has had possession, or, at least, is entitled to possession; and the answer does not, in any part of it, admit that plaintiffs were ever in possession, or entitled to the possession, of the ground in dispute. (Blac. Com. Vol. 3, 167; Chit. Pl. Vol. 1, 191, *et. seq.*)

But admitting, for the sake of argument, that the refusal to give this instruction was an error, still it is no ground for reversal of the judgment, because it appears on the face of the record that plaintiffs could not have been, and were not, in the least, injured by such refusal. The evidence shows that the only question contested before the jury was as to the right of possession of the mining ground in dispute. (*Johnson* v. *Sepulbeda*, 5 Cal. 149; *White* v. *Abernathy*, 3 Id. 426; *McEwen* v. *Johnson*, 7 Id. 258; *Priest* v. *Union Canal Co.* 6 Id. 170.)

The first instruction asked by plaintiffs is erroneous, because it contains this : " The only question with the jury was, who had the best right."

In an action of ejectment the plaintiff cannot recover by a comparison of titles, but on the strength of his own. The plaintiff must prove a legal title in himself, and a defendant may have a mere naked possession without right, and continue legally to hold as against a plaintiff, who proves an insufficient title.

COPE, J. delivered the opinion of the Court—BALDWIN, J. concurring.

On the trial of this cause the Court was asked by plaintiffs' Attorney to instruct the jury that, under the pleadings, the entry of the defendants and the ouster of the plaintiffs are admitted, and that the only question for them to determine is as to who has the better right to the premises in dispute. The instruction was refused, and this refusal is assigned as error. The complaint is verified, and sets forth that the plaintiffs are the owners and entitled to the possession of certain mining claims, therein described, and that the defendants wrongfully and unlawfully entered upon and dispossessed the plaintiffs of

Busenius *v.* Coffee.

the same. The answer denies specifically the allegation of ownership and right of possession, and, in reference to the allegation of entry and ouster, denies that the defendants *wrongfully and unlawfully* entered and dispossessed the plaintiffs, as alleged in the complaint. The facts of *entry* and *ouster* are the only issuable facts presented in this allegation, and in the absence of a denial in positive and unequivocal terms, they are, for the purposes of the action, to be taken as true. (Pr. Act, Sec. 65.) The answer contains no such denial, but, in effect, admits the truth of the *facts* charged. The denial refers to the *character,* and not to the *existence,* of these facts. In other words, the answer, in effect, admits that the defendants entered upon the claims in question, and ousted the plaintiffs, but denies that such entry and ouster were wrongful and unlawful. No question of fact is presented by this denial, and the Court should have so instructed the jury.

The latter part of the instruction is not, as supposed by the counsel for the Respondents, obnoxious to the objection that it violates a well established principle of law, that a plaintiff in ejectment must recover on the strength of his own title, and not on the weakness of that of his adversary. The plaintiffs will not, in any event, be entitled to recover, unless they establish *prima facie* a valid title to the property. It appears from the pleadings, however, that the title is claimed by both parties, and the validity and relative superiority of these conflicting claims were the practical questions submitted to the jury, and to which the evidence was directed. The spirit of this part of the instruction is, not that the plaintiffs could recover upon an imperfect title, but that these conflicting claims of title were the only subjects for the jury to consider.

We cannot undertake to determine to what extent the plaintiffs were prejudiced, or whether prejudiced at all, by the refusal of the Court to give this instruction. The record does not, of course, furnish us with a perfect history of the trial, and even if it did, the grossest injustice might be done if we should decline to interfere with the judgment upon the ground that the action of the jury was not influenced by the error of the Court.

Judgment reversed and cause remanded.