# REPORTS OF CASES

DETERMINED IN

# THE SUPREME COURT,

## APRIL TERM, 1866.

JOHN RICHARDSON *v.* JOSEPH SMITH, E. J. LEWIS,
AND H. C. PRATT.

DENIALS IN AN ANSWER.—If the complaint, in an action to recover the posses-
sion of personal property, avers that the "plaintiff was the owner and in posses-
sion of the property," this averment is not traversed by an answer which denies
that the "plaintiff was the owner and entitled to the possession of the property."

SAME.—If the plaintiff, in his complaint in an action to recover the possession
of personal property, avers that the "defendant wrongfully took the property from
the plaintiff's possession, and from thence to the time the action was commenced,
wrongfully detained the same property from him," and the defendant, in his
answer, denies "that the defendant at any time wrongfully took and detained
the property from the plaintiff," the allegation in the complaint is to be deemed
admitted.

ANSWER SETTING UP SEIZURE OF GOODS BY ATTACHMENT.—An answer justifying
the seizure of personal property by virtue of a writ of attachment issued against
a person other than the plaintiff, does not state facts constituting a defense, if it
fails to allege that the defendant in the attachment suit was the owner of the
property.

INSUFFICIENT DENIAL IN ANSWER.—If the answer does not traverse the material
allegations of the complaint, and the new matter contained in it does not state
facts sufficient to constitute a defense, and the pleadings are not verified, a closing

67

denial stating that "the defendants deny each and every allegation set forth in plaintiff's complaint not consistent with the foregoing answer," fails to raise any issue.

APPEAL from the District Court, Second Judicial District, Tehama County.

The pleadings were not verified.
The plaintiff appealed.
The other facts are stated in the opinion of the Court.

*George Cadwalader,* for Appellant, contended that the answer confessed the substance of the allegations of the complaint, and cited *Blankman* v. *Vallejo,* 15 Cal. 644; *Busenius* v. *Coffee,* 14 Cal. 91; *Kuhland* v. *Sedgwick,* 17 Cal. 125 ; and Van Santvoord's Pleadings, 248.

On the question whether the rule of construction was the same in case of " verified " and " unverified " answers, he cited *Hensley* v. *Tartar,* 14 Cal. 508.

*W. S. Long,* for Respondents.

By the Court, CURREY, C. J.

This action was brought to recover the possession of certain personal property of which the plaintiff alleged in his complaint he was the owner and in the possession at the time it was taken by the defendants. To the complaint the defendants answered, and then the cause was submitted to the Court for judgment upon the pleadings. The Court gave judgment for the defendants. The complaint is in the usual form in such cases, and no question arises as to its sufficiency. It is therein alleged that on a certain day, at the County of Tehama, the plaintiff was the owner and in the possession of the property described in the complaint, which was of the value of twenty-three thousand dollars ; and that then and there the defendants wrongfully took from the plaintiff's possession, and from thence to the time the action was commenced wrongfully detained the same property from him, by reason whereof he

had sustained damage, etc.  In conclusion, the plaintiff demands judgment for the possession of the property, and if that cannot be had, that then he may have judgment for the value thereof, etc.

The defendants by answer deny that the plaintiff was the owner and entitled to the possession of the property ; that the defendants at any time wrongfully took and detained the property from the plaintiff.   They also deny that the property was worth twenty-three thousand dollars, and further, they deny directly that plaintiff has been damaged by the detention of the property in the sum of one thousand dollars or in any other sum.   Then for an affirmative defense the defendants aver that on the 9th of May, 1864, the defendant Smith, who was then Sheriff of Tehama County, seized and took into his possession the property in controversy as the property of Doll and Simpson, under and by virtue of a writ of attachment issued in an action then pending in the District Court of the Second Judicial District, in which one Corcoran was plaintiff and Doll and Simpson were defendants, and that since that time Smith, as Sheriff of said county, has held said property by virtue of said writ, and that at the time this action was commenced the same property was in the hands of the defendant Lewis as the keeper thereof for the Sheriff.   The defendants in conclusion " deny each and every allegation set forth in the plaintiff's complaint not consistent with the foregoing answer."

The only point to be decided in this case is as to the sufficiency of the answer.   A brief analysis will show that it fails to traverse any material allegation of the complaint, except the one respecting the damage which the plaintiff had sustained by the alleged wrongful taking and detention of the property.   The defendants undertake to meet the averment that plaintiff was the owner and in the possession of the property by denying that he was the owner *and* entitled to the possession of it.   This is neither a denial that the plaintiff was the owner of the property nor that he was in possession of it when it was taken from him.   He may have been in the

possession of the property and yet not the owner of it, in which case, as against any one taking and withholding it from him without right, he was entitled to his action for its recovery. The defendants next deny that they, at any time, wrongfully took from the possession of the plaintiff the property and chattels mentioned in the complaint, and also deny that they wrongfully detained from him such property. This is not a denial that they took or withheld from the plaintiff the property in question, but it is an attempt to raise an issue as to the character of the acts complained of, which in an action of this kind cannot be at all material unless the taking and withholding is justified upon some legal ground, which must be pleaded. The taking and detention of the property by the defendants were material and issuable facts, which the plaintiff alleged were wrongful and done without his consent. The answer to this allegation is that they were not wrongful; but nothing is averred by the defendants in justification of the acts with which they are directly charged in the complaint, and which, for want of a traverse, stand confessed. (*Busenuis* v. *Coffee*, 14 Cal. 93.) There is an attempt at a justification under a writ of attachment issued in an action wherein Corcoran was plaintiff and Doll and Simpson were defendants; and it is alleged that the property was taken under the writ of attachment in that action as the property of Doll and Simpson, but there is nothing in the answer showing that Doll and Simpson had any right or interest in or to the property. So far it appears the answer fails to put in issue any material allegation of the complaint.

The closing denial of the answer is in these words: "The defendants deny each and every allegation set forth in the plaintiff's complaint not consistent with the foregoing answer." This qualified denial renders it necessary to ascertain whether there is anything in the complaint which is not consistent with the part of the answer preceding it. We have already seen that the several preceding denials (with a single exception) of the answer may stand as true, and yet the material allegations of the complaint, with one exception, remain uncontroverted.

The affirmative matter of the answer may be taken as literally true, and still the plaintiff's cause of action is in no particular affected by it.   Every allegation of the complaint except that relating to the damage sustained by the plaintiff for the detention of the property may subsist in harmony with, that is, consist or stand with every allegation of the answer except the one denying that plaintiff had sustained any damage by reason of the detention of the property.   So that the closing denial of the answer amounts to a repetition of the denial "that plaintiff has been damaged by the detention of said chattels and property in the sum of one thousand dollars, or in any other sum."   And this is the utmost limit to which it can upon any just ground be said to extend.   We think the judgment should have been for the plaintiff, except as to damage for the detention of the property.

The judgment must be and is hereby reversed, and a new trial granted, with leave to the defendants to amend their answer.