# SALMON *v.* OLDS & KING.

### PRACTICE—NONSUIT.

A defendant is not entitled to a nonsuit where, upon the pleadings and
evidence introduced, a *prima facie* case has been made out against him.

### PLEADINGS—EVIDENCE.

An irrelevant, or erroneous instruction, upon an abstract question of law,
and wholly inapplicable to any issue upon the pleadings or evidence
in the case, will not render a reversal of the judgment necessary,
unless the record justifies the inference that it did mislead the jury to
the prejudice of appellant's rights.

### DAMAGES—MEASURE OF.

The plaintiff only claiming, in her complaint, the value of the property
converted, as the measure of her damages arising from the act of con-
version, the regularity of the proceedings at the constable's sale was
immaterial, and any instructions as to the steps necessary to a valid
sale, could not injure the appellants.

APPEAL from Multnomah.   The facts are stated in the
opinion.

*Thayer & Williams, and O. F. Paxton,* for appellants.

*O. P. Mason,* for respondent.

By the Court, WATSON, J.:

The complaint in this action charges the defendants with
having "wrongfully, unlawfully, maliciously and with force,
taken and detained certain personal property, a portion of
which belonged to plaintiff, and the balance of which was in
her possession as special bailee of a third party, to her dam-
age in the sum of $500.00." It further charges the defend-
ants with "wrongfully, maliciously and unlawfully" convert-
ing a specified portion of such property, to her damage in the
sum of $338.50, the value thereof.

The answer denies the ownership and bailment, and denies
the wrongful taking, detention and conversion, the damage
and value, and sets up, by way of justification, that the prop-
erty belonged to one H. McLennon, and that it was seized and

sold under legal process against the property, at the suit of the defendants, Olds and King, and that O'Connor merely acted as their attorney in such proceedings.

The replication denies the allegations of new matter in the answer, except as to O'Connor's participation in the matter. The cause was tried by a jury, and a verdict returned for plaintiff for $300.00 damages. During the trial, and after the plaintiff had introduced evidence of her ownership in a portion of the property, and the bailment to her of the balance, as alleged in her complaint, and of the value thereof, also, that O'Connor pointed out the property to the constable making the levy, and rested her case before the jury, the defendants, Olds and King, moved for a nonsuit, on the ground that there had been no evidence connecting them with the taking of the property. The court refused to grant the order, and Olds and King excepted. This is the first error assigned here by the appellants.

It seems to us that there can be no doubt as to the correctness of this ruling, in view of the condition of the pleadings and evidence at the time the motion for a nonsuit was made. The facts of taking, detaining and converting the property, were admitted by the form of the denials. (*Busenius, et al.*, v. *Coffee, et al.*, 14 Cal., 91; *Richardson* v. *Smith*, 29 Cal., 529; *Lay* v. *Neville*, 25 Cal., 549.)

The denials in the answer only go to the character of the taking, detention and conversion, and not to the acts themselves. This alone, in connection with the evidence offered by plaintiff of the ownership and possession, would have justified the ruling excepted to. · But this was not all. The answer, in which all the defendants joined, alleged that O'Connor acted as the attorney for Olds and King in the proceedings, and the plaintiff, before resting her case, had introduced evidence that O'Connor pointed out the property to the officer who made the levy; in effect, directed the seizure. Clearly the court could not have done otherwise than it did, in refusing to direct a nonsuit. After the motion for a non-

31

suit had been overruled, other evidence was introduced by both the plaintiff and defendants. At the close of the trial the court gave the jury the following instructions, which were excepted to by the defendants, and which they claim were erroneous and justified a reversal of the judgment:

1. "That the measure of damages for property detained from the plaintiff, and returned, was the value of the use of such property, together with necessary expenses incurred in recovering the same."

2. "That in justifying under a sale by the constable, the defendants must show that the sale was regular, and the property advertised for ten days, as required in sales of personal property, and that there was no evidence tending to show that this had been done."

The defendants then asked the court to instruct the jury as follows:

1. "That where an officer makes a sale under an execution in his hands, which is admitted to be regular upon its face, and was issued on a judgment, the presumption of law is that he performs his duty according to law;" which the court refused, and the defendants excepted and assigned such refusal as error.

There was no allegation in the complaint as to the use of the property, or expenses incurred in its recovery. The plaintiff testified that the use of the same during the time it was detained was worth nothing to her, and there was no evidence whatever as to any expenses incurred in recovering possession of the same. So far as can be ascertained from the bill of exceptions, which professes expressly to give all the evidence introduced on both sides, there does not seem to have been any claim made for damages on account of the loss of its use, or expenses incurred in its recovery. Upon the assumption that this was the true state of the case, the appellants contend that the first instruction given by the court, as set forth above, was both erroneous in its application and irrelevant, and tended to mislead the jury, to their injury.

They claim that while there was no issue and no evidence to justify the instruction, it assumed the existence of both, and therefore might reasonably have had an influence on the verdict of the jury.

It must be admitted that loss of use, and expenses incurred in recovering the possession of the property seized, would have been special damages, and must have been specially alleged in the complaint to entitle the plaintiff to introduce evidence to prove them, or justify their recovery. (Sedgwick on Damages, 575; 2 Greenleaf on Evidence, Sec. 254; *Bennett* v. *Lockwood*, 20 Wend., 223.) The application of the general rule embodied in the instruction, by the court below, to the case before it, was therefore, so far as it related to the recovery of special damages, erroneous and irrelevant. As to the effect of giving such instructions, counsel for appellants have cited *Hopkins* v. *Fowler*, 30 Me., 568; *Wright* v. *Clark, et al.*, 34 Wis., 116. To these may be added *Ward* v. *Henry*, 19 Wis., 76; *McGregor* v. *Armill*, 2 Iowa, 30; *Kennedy* v. *R. R. Co.*, 36 Mo., 351.

But none of these cases hold that every erroneous or irrelevant instruction affords sufficient ground for a reversal of judgment. There must be some issue in the case, of law or fact, arising upon the pleadings or evidence; some claim or controversy to which the jury might apply such instruction, not unreasonably, under the presumption that, coming from the court, it must have been intended to have some bearing on their decision; or its being merely irrelevant, should not be followed by a result so disastrous. The court must be able to see that under the circumstances disclosed by the record, the jury may have been, and probably were, misled, to the injury of the complaining party. This principle is well stated in the case of *McGregor* v. *Armill*, 2 Iowa, 30, cited above. The court say: " It may be regarded as settled, that the giving or refusing an instruction upon a mere abstract proposition of law, which does not refer in any way to the evidence in the case or issues made, would not be such an

error as will warrant a reversal, unless it may be fairly inferred that the jury was thereby misled to the prejudice of the party complaining." In the case of *Ward* v. *Henry*, 19 Wis., *supra*, the court advanced the same view: "The mere irrelevancy of instructions given by the court to the jury is said, in itself, independent of all other considerations, not to be a sufficient ground to authorize a new trial; but when injustice has been done by the verdict, and it is probable the jury were misled by the instructions, then we think a new trial should be granted."

If the instructions complained of were erroneous as well as irrelevant, as an abstract proposition of law, which is not, however, claimed in this instance, the rule would be the same. Tested by this principle, the giving of instruction under examination affords no ground for a reversal of the judgment appealed from. The record exhibits no basis for its application, and the nature and amount of the verdict justify no inference that the jury were misled by it. And we cannot presume that it had any influence.

The question presented by the remaining instruction given, and that raised by the one asked by the appellants, and refused by the court, are the same. But if we concede that the ruling in each instance was erroneous, as claimed by the appellants, we cannot perceive that any injury could have resulted to them in consequence. Grant that the facts admitted and proven, conclusively established the regularity of the proceedings on the sale by the constable, still the respondent was entitled to recover the value of the goods sold, if they belonged to her, and that was all she claimed in her pleadings and proof in reference to such goods, and their conversion by the sale, and is evidently all that was found for her by the verdict. The rule is firmly established, and of unquestionable soundness, that error, which does not prejudice substantial rights, is no ground for reversal of judgment. The judgment of the court below is affirmed.

Judgment affirmed.