### DETERMINED IN

# THE SUPREME COURT·

#### OF THE

# STATE OF CALIFORNIA.

[No. 9835. In Bank. — February 3, 1887.]

CHRISTIAN HOFFMAN, RESPONDENT, *v.* GEORGE REMNANT ET AL. GEORGE REMNANT, APPEL-- LANT.

EJECTMENT — VENDOR AND VENDEE — CONTRACT OF SALE. — Where a con-- tract has been made for the sale of land, the vendee being in possession, and having paid a portion of the purchase-money, the mere fact that the vendor has not returned or offered to return the money so paid is no de-- fense to an action by him to recover the possession.

ID. — FAILURE OF VENDOR'S TITLE — CROSS-COMPLAINT. — In such a case, a cause of action existing in favor of the vendee for the recovery of the money paid, on the ground of the failure of the vendor's title, cannot be · set up by way of cross-complaint.

APPEAL from a judgment of the Superior Court of. Santa Cruz County.

The facts are stated in the opinion of the court.

*Charles B. Younger,* and *J. M. Lesser,* for Appellant..

*Warren Olney,* and *Joseph H. Skirm,* for Respondent..

McFARLAND, J. — The appellant, Remnant, who was: defendant in the court below, appeals from a judgment, rendered against him in an action of ejectment.

LXXII. CAL.—1

The grounds upon which he relies for a reversal are, that the court erred in sustaining a demurrer to that part of his answer which sets up a "further and separate defense," and also in sustaining a demurrer to a cross-complaint filed by defendant.

1. In the "separate defense" defendant merely averred that plaintiff entered into a contract with defendant to convey to the latter the premises described in the complaint, upon the payment by defendant to plaintiff of the sum of $3,410; that defendant paid $1,750 of this money, and was let into possession of the premises; and "that the plaintiff has not paid or returned to this defendant said last-named sum of money, or any part thereof, but still retains the whole thereof."

The complaint in this case is in the ordinary and proper form of a complaint in ejectment. An answer to such a complaint should contain some matter of denial or averment constituting a defense—either legal or equitable—to the action. It would have been a good answer to have averred that the remaining purchase-money was not yet due, or to have stated facts showing that it had been paid, and that defendant was thus entitled to possession under the contract, and to compel the execution of a conveyance; but it is impossible to conceive how the bare fact that plaintiff had not paid back to defendant the $1,750 would constitute any defense whatever. There was no error, therefore, in sustaining the demurrer to this part of the answer.

2. The averments of the cross-complaint are, in brief, that on April 6, 1878, plaintiff represented to defendant that he was the owner in fee of the premises described in the complaint, and could convey them by a good and sufficient deed free from incumbrances; that defendant was thereby induced to purchase, and did purchase, said premises from plaintiff for $3,410; that defendant paid plaintiff $1,750 as part of the purchase price, and then, on said sixth day of April, 1878, plaintiff and the de-

fendant entered into a written contract, by which defendant promised to pay plaintiff $1,660 on or before the first day of July, 1879, with interest, and plaintiff agreed that upon the payment of said money he would execute to defendant a good and sufficient deed of said premises; that upon the making of said contract plaintiff delivered possession of the premises to defendant, who has been in possession ever since; that in October, 1878, he paid plaintiff $49.80 as interest on the unpaid purchase-money, and a like sum as such interest in January, 1879; that at the time of the making of said contract, said plaintiff was not the owner in fee of said premises, and was not such owner at any time afterward, and could not have made a good and sufficient deed of the same; that in 1872 one Imus was the owner in fee of said premises, and in that year executed a mortgage thereon to a third party; that he had since died, and that at the time of the execution of the said contract a suit to foreclose said mortgage was pending against the heirs and legal representatives of said Imus; and that defendant did not discover that plaintiff was not the owner of said premises, and did not know of the existence of said mortgage, and the pendency of the proceedings to foreclose the same, until after the commencement of the present action, which was June 10, 1881. The cross-complaint then avers that immediately after this discovery "this defendant did rescind the said contract," and offered to restore to plaintiff everything of value which he had received under it, and tendered it to plaintiff for cancellation, and offered to surrender possession of the premises, and demanded the return of the $1,750, and also the interest paid on the unpaid purchase-money; but that plaintiff refused and still refuses and fails to return said money, or any part thereof.

The prayer is, that defendant have judgment against plaintiff for $1,849.60, with interest from January 5, 1879.

It is clear that the demurrer to this cross-complaint was properly sustained. It presents no equitable defense to the action, and certainly no legal one. It is not necessary to inquire whether or not the facts averred would support some kind of an independent action.

To allow a defendant in an ordinary action of ejectment to set up matters which do not constitute a defense, but are intended merely as the foundation for a money judgment against plaintiff, would be to sanction something unknown to the principles and rules of pleading and practice.

Appellant's counsel argues that the act of bringing the suit by plaintiff was itself a rescission by him of the contract. If that extreme view of the matter could possibly be held correct, it is difficult to see how it would give the cross-complaint any better standing as a pleading to a complaint in ejectment. But if appellant was in possession under the contract, as the argument here assumes, then, upon appellant's failure to perform his part of it, the bringing of the ejectment suit was not in rescission, but in pursuance of the contract.

We think that there was no error in sustaining the demurrer.

The court made a number of findings entirely outside the issues; but there were sufficient findings to show plaintiff's ownership and right of possession.

Judgment affirmed.

THORNTON, J., McKINSTRY, J., TEMPLE, J., and SHARPSTEIN, J., concurred.

Rehearing denied.