[S. F. No. 2532. Department Two.—July 17, 1903.]

JOHN L. HOWARD, Respondent, v. R. E. HEWITT et al., Appellants.

EJECTMENT—EQUITABLE DEFENSE—FAILURE TO PERFORM CONTRACT OF PURCHASE.—The legal title will prevail in an action of ejectment unless an equitable defense is pleaded and proved. The defendants cannot base an equitable defense under a contract of purchase which they have failed and refused to perform when a deed was tendered to them, and which they do not offer to perform.

ID.—ANOTHER ACTION PENDING—FORECLOSURE OF MORTGAGE—ABATEMENT.—The commencement and maintenance of a prior action by the plaintiff and his assignor to foreclose a mortgage given by the purchaser without title to secure the unpaid purchase money, in which an appeal was pending when the action of ejectment was commenced, constitutes no ground in abatement of the latter action. Such prior action involves rights not determinable in the action of ejectment.

APPEAL from a judgment of the Superior Court of Alameda County. S. P. Hall, Judge.

The facts are stated in the opinion of the court.

W. J. Donovan, and R. E. Hewitt, for Appellants.

Olney & Olney, for Respondent.

McFARLAND, J.—This is an appeal by defendants from a judgment in favor of plaintiff.

The action is ejectment. Plaintiff has the legal title to the demanded premises, which title, of course, must prevail, unless appellants have pleaded and proved some equitable defense. Defendants allege in their answer that in January, 1896, plaintiff and one Siegfried, then joint owners of the premises, sold the same to W. H. Higgins for $1,518.75, and Higgins gave to them his note for that amount and a mortgage on the premises to secure it, and took possession of the premises; that plaintiff and Siegfried promised to execute a deed of the premises to him and have the same recorded, but failed to do so. The other defendants hold under Higgins. The plaintiff, Howard, is now the sole owner of the premises, having acquired the interest of Siegfried. The note was payable ninety days after date. The court found that the defendants had not paid any part of said note, and had refused to pay any part of the purchase money, or to restore possession to plaintiff, and had never demanded a deed. Before the commencement of this action the plaintiff tendered a deed to defendants. At the trial plaintiff waived all claim for damages, rents, or profits, and offered to convey the premises to defendants upon their payment of the principal of the purchase money without any interest. Under these facts the judgment was clearly right. Appellants cannot base any equitable defense on a contract which they have failed to perform, and do not offer to perform. As was said in *Hanna* v. *McNickle,* 82 Cal. 126, they "cannot have land and money both."

Prior to the commencement of this suit, plaintiff and Siegfried, in the same superior court in which this present action was brought, had instituted an action to foreclose the said mortgage, and judgment had been rendered in their favor; but, on motion of defendants, the court had granted a new trial, and plaintiffs therein had appealed from the order granting the new trial to this court, and the appeal was pending when this present action was commenced; and defendants herein pleaded the pendency of said former action in abatement. (The order granting the new trial was afterwards affirmed in this court on the ground that the action could not be maintained in the absence of a conveyance or offer of con-

veyance to the mortgagor. *Howard* v. *Higgins,* 137 Cal. 227.) But the case at bar is different from the former action, and involves rights not there determinable, and constitutes no ground for abatement.

The judgment appealed from is affirmed.

Lorigan, J., and Henshaw, J., concurred.

Hearing in Bank denied.