[Civ. No. 2274. Second Appellate District.—May 22, 1918.]

KATIE NAVE, Appellant, v. DAVID GRAHAM et al., Respondents.

ACTION FOR SLANDER—PLEADING—DENIAL ON INFORMATION AND BELIEF INSUFFICIENT.—In an action for slander, the defendant cannot deny the use of the words alleged to have been used, upon information and belief, as under section 437 of the Code of Civil Procedure positive knowledge is presumed.

ID.—DENIALS UPON LACK OF INFORMATION INSUFFICIENT.—In an action for slander, an answer containing denials of the allegations of the complaint based upon lack of information sufficient to form a belief is insufficient.

NEW TRIAL—NEWLY DISCOVERED EVIDENCE—DENIAL OF MOTION—APPEAL.—An adverse ruling on a motion for a new trial on the ground of newly discovered evidence will not be disturbed on appeal, in the absence of a plain showing of abuse of the power of the court.

APPEAL—ALTERNATIVE METHOD—RECORD.—On an appeal from a judgment under the alternative method, the appellate courts are not required to examine the typewritten transcript, but the parties must print in their briefs the portion of the record to which they desire to call the court's attention.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Monroe, Judge.

The facts are stated in the opinion of the court.

E. M. Barnes, for Appellant.

F. W. Allender, for Respondents.

JAMES, J.—Action for damages alleged to have been suffered by reason of slanderous statements made by the defendant Mary Graham. Judgment was for the defendants. The appeal purports to be taken both from the judgment and from an order denying to plaintiff a new trial. The appeal from the order is unauthorized by the code (Code Civ. Proc., sec. 963), although all the questions sought to be presented thereunder are proper to be considered on the appeal from the judgment. It is stated in the brief of appellant that the action was brought to recover damages because of false and malicious statements made by defendant Mary Graham concerning the condition of a dwelling-house owned by the plaintiff, by reason of which statements plaintiff was prevented from finding a tenant for the house.

Appellant first complains that the court erred in refusing to strike out portions of the answer. Also in refusing to sustain a demurrer interposed to the answer. The appeal is presented under the alternative scheme, a choice of method which requires the parties to print in their briefs the portions of the record to which they desire to call the court's attention. Many members of the bar, in presenting typewritten transcripts allowed on appeal by the alternative method, evidently assume, and erroneously, that the appellate courts will examine the typewritten matter. The code provision is plain and imposes no such burden upon these courts, as has been repeatedly held in recent decisions. (*Barker Bros.* v. *Joos,* 36 Cal. App. 311, [171 Pac. 1085], with collection of cases.) In so far as the text of the answer of defendants, which appellant prints in her brief, can be considered as sufficiently illustrating the points, it may be examined. The answer first contained denials of the allegations of the complaint based upon lack of information of defendants "sufficient to form a belief." Examining the order of the court, as counsel has set it forth in his brief, we cannot tell just what parts of the motion to strike out were granted and which denied. However, appellant does state that two paragraphs containing denials in

the qualified form above noted were stricken out. They embrace allegations denying the use of the words said to have been employed by defendants, the using of which could not be denied upon information and belief, as positive knowledge of that matter would be presumed against defendants. The particular objection urged against other denials couched in similar form is that it is insufficent to state that a party "has not information or knowledge sufficient to form a belief" and so deny assertions of the opposite pleader. The code provides that "if the defendant has no information or belief upon the subject sufficient to enable him to answer an allegation of the complaint, he may so state in his answer, and place his denial on that ground." (Code Civ. Proc., sec. 437.) We are prepared to agree with appellant that the denials of the answer in the form in which they were phrased were not those authorized by the code, but for reasons which will be stated hereinafter, no prejudice could have come to the plaintiff because of the refusal of the court to strike them out. In a separate count of the answer defendants set up facts showing that the alleged false statements were true, and, we think, as to this defense the demurrer for uncertainty was properly overruled. When we examine the instructions given by the court we find that the trial judge directly advised the jury that the speaking of the alleged slanderous words was admitted by the defendant charged with having uttered them, and that the only issue remaining for determination was that arising upon the defense as to the truth of the matter, which the jury was told the defendants were required to show by a preponderance of the evidence. The instruction, therefore, took from the jury any question as to issue being raised by the denials objected to by the motion to strike out and assumed the facts in favor of the plaintiff. It is made plain, then, that the court's ruling on the motion to strike out portions of the answer, if erroneous, was without possible prejudice to the appellant.

On the motion for a new trial affidavits of various persons were presented as showing alleged newly discovered evidence. An adverse ruling on such a motion and on such grounds will not be disturbed on appeal in the absence of a plain showing of abuse of the power of the court. The question as to whether diligence had been used which might have enabled the moving party to have furnished the evidence at the trial,

and whether a different result would be probable had such evidence been produced, were matters which the court had discretion to determine either way under the statements made in the affidavits. (*Oberlander* v. *Fixen Co.*, 129 Cal. 690, [62 Pac. 254] ; *People* v. *Buckley*, 143 Cal. 392, [77 Pac. 169].)

We find no error pointed to in the brief of appellant involving rulings of the court on the admission of testimony or refusal to give pertinent instructions offered.

The judgment is affirmed.

Conrey, P. J., and Works, J., *pro tem.*, concurred.