[Civ. No. 6269. Second Appellate District, Division Two.—January 24, 1930.]

DAVIDSON INVESTMENT CO. (a Corporation), Respondent, v. HENRY B. DABNEY, Appellant.

I. Henry Harris for Appellant.

Denio, Hart, Taubman & Simpson and Matthew C. Simpson for Respondent.

BURNELL, J., *pro tem.*—The defendant, appealing from a judgment on the pleadings, seeks a reversal thereof upon three grounds: First, that material issues were raised by his answer; second, that the pleading of affirmative matter as a defense barred the plaintiff from taking such judgment, and third, that the refusal of the court to allow him to amend his answer was reversible error.

The complaint is in the form common to actions in claim and delivery. It alleges the ownership and right of possession in the plaintiff of a certain automobile, that the value thereof is $1500, that the same is in the possession of and wrongfully detained by the defendant, a demand by the plaintiff for possession and refusal of delivery by the defendant and $1500 damages. The allegation as to plaintiff's ownership and right of possession is traversed by a denial in the following form: "The defendant has no knowledge or information sufficient to form a belief as to those allegations contained in paragraph two of the complaint, and basing his denial thereon denies each and every allegation in said paragraph contained." It is too well established in California to be controverted that a denial on lack of knowledge or information sufficient to form a belief is not a denial and is so fatally defective as to require it to be construed as an admission of the allegations attempted to be denied. In the case of *Aronson & Co.* v. *Pearson,* 199 Cal. 295 [249 Pac. 191, 193], the defendant attempted to make a denial in the following words: "Defendant alleges she has not sufficient knowledge, or information upon which to base a belief, and placing her denial upon that ground denies," etc. The court said regarding this sort of an attempted denial:

"For sixty-eight years the form of denial adopted by the defendant has been held insufficient. Relative to the denial of the allegations of a verified complaint, section 437 of the Code of Civil Procedure provides: 'If the defendant has no information or belief upon the subject sufficient to enable him to answer an allegation of the complaint, he may so state in his answer, and place his denial on that ground.' Section 46 of the Practice Act, as amended in 1854, permitted a defendant to deny an allegation of a verified complaint 'according to his information and belief.' In *Curtis* v. *Richards & Vantine,* 9 Cal. 34, 38, the defendants based

their denial upon the averment that 'they have not sufficient knowledge or information to form a belief.' The court said, 'By the forty-sixth section of the Practice Act, as originally passed in 1851, it was provided that an allegation of the complaint might be controverted by a denial 'of any knowledge thereof sufficient to form a belief.' In practice, this mode of denial was found to furnish a convenient pretext for evading the statute. In some instances defendants became critical in their judgments, as to the extent and knowledge sufficient to form a belief, and would, without hesitation, deny, in that form, facts upon the existence of which they did not hesitate to act in other matters. In 1854 the forty-sixth section was amended to the present language, and the wisdom of the amendment is well illustrated by the present case.' The same construction has been placed upon the foregoing provision of section 437 of the Code of Civil Procedure. (*Naftzger* v. *Gregg*, 99 Cal. 83, 87 [37 Am. St. Rep. 23, 33 Pac. 757]; *Turner* v. *Watkins*, 36 Cal. App. 503, 504 [172 Pac. 620]; *Nave* v. *Graham*, 37 Cal. App. 332, 334 [174 Pac. 76].) Such a denial will not be held fatally defective upon appeal if it was treated by the parties at the trial as creating an issue, but since in this case neither party offered any evidence bearing upon the question, there is no ground for holding that it was so treated.''

Such an attempted denial is evasive and raises no issue. It may therefore be entirely disregarded (*Le Breton* v. *Stanley Contracting Co.*, 15 Cal. App. 429 [114 Pac. 1028]; *Bartlett Estate Co.* v. *Fraser*, 11 Cal. App. 373 [105 Pac. 130]; *Mullally* v. *Townsend*, 119 Cal. 47 [50 Pac. 1066]).

■ Defendant thus answers the allegation of the complaint as to value: ''Denies that the personal property described in the complaint is of the value of fifteen hundred dollars ($1500.00) and in that behalf alleges that said property is worth far in excess of the sum of fifteen hundred ($1500.00) dollars.'' This is a splendid example of a negative pregnant which can give birth to no issue.

■ The allegation as to defendant's possession is met by a denial that the property ''is *unlawfully* detained by'' the defendant, but the *fact* of defendant's possession and detention thereof is not denied at all. This manner of pleading is an attempt to deny a legal conclusion and raises no issue as to the facts, as has many times been held in this

state (*Prichard* v. *Kimball*, 190 Cal. 763 [214 Pac. 863];
*Richardson* v. *Smith*, 29 Cal. 529; *Lay* v. *Neville*, 25 Cal.
545; *Busenius* v. *Coffee*, 14 Cal. 91). It amounts to an ad-
mission of possession as alleged in the complaint (*Richard-
son* v. *Smith, supra*).

The attempted denial of the allegation as to damages is
open to the same criticism as that just discussed, and the
remaining allegations of the complaint are not denied at all.

It is evident from the foregoing review of the defendant's
answer that it raises no issue as to any of the facts alleged
in the complaint and that appellant's first point is without
merit.

As to the claim that the second defense sets up
affirmative matter and thus bars plaintiff from the right
to ask and receive a judgment on the pleadings, we are con-
strained to hold that it fails to allege facts which would
constitute a defense to the case made by the facts as plead
in the complaint and, as we have held, admitted by the
failure of the defendant to deny them. The defense at-
tempted to be set up is as follows: That the defendant on
December 1, 1925, purchased the automobile which is the
subject of the action from the plaintiff under an agreement
whereby defendant was to pay $2,500 therefor, of which
sum $250 was to be and was paid at the time the agreement
was made, the balance to be paid in monthly installments of
$250 each. A further consideration for the purchase was
the settlement of a lawsuit in which one Ring was defendant
and the agreement of the plaintiff herein to dismiss that
action and to return to Ring a note and a mortgage given
by him "to secure the payment thereof upon the chattels
mentioned" in the complaint. It is alleged that the plain-
tiff failed to return the note and mortgage and to dismiss
the action and that the note is in the sum of $2,000, "which
sum this defendant promised and agreed with said Ring
that he would pay." This purported defense sets up, at
most, an executory agreement of sale. It does not aver that
title passed and it does not allege that any payments have
been made to plaintiff on the contract other than the down
payment of $250, although at the date of verification of the
answer four months had elapsed since the date of the con-
tract to purchase. Neither does it allege that any time was
fixed for the dismissal of the action or for the return of the

note and mortgage to Ring. The most that can be said of it is that it attempts to justify defendant's admitted detention of the automobile owned by plaintiff upon the theory that he is purchasing it upon an executory contract on which he is, by his own pleading, in default.

The situation is analogous to that in *Hanna* v. *McNickle,* 82 Cal. 122 [23 Pac. 272], in which the defendant in an action in ejectment by way of defense set up a contract entered into by the plaintiff and himself for his purchase of the property in question. We quote from the opinion in that case: "But taking the defendant's own theory, viz., that the purchase money was to be paid in monthly installments of ten dollars each, it follows that at the end of each month an installment became due. And, therefore, at the time that a demand was made for possession there were at least thirty-two installments due and unpaid. In any view that can be taken, therefore, the defendant was in default with his payments. He did not perform what his contract required of him; and this being so, the fact that he made valuable improvements does not avail him. Such improvements cannot enable him to refuse to perform his contract. and yet retain possession of the property. The performance of his contract is an essential feature of any equitable defense on his part. If any authority were needed for such a plain proposition, it is to be found in some of the cases cited by the appellant himself. (*Hicks* v. *Lovell,* 64 Cal. 20 [49 Am. Rep. 679, 27 Pac. 942] ; *Whittier* v. *Stege,* 61 Cal. 241.) The fact that interest was to be paid on overdue installments does not operate to extend the time for payment of the principal. To say that the defendant was entitled to hold the possession until *all* the installments became due is the very reverse of the true rule, which is, that he has no sufficient equity until he has paid all that are due. (*Alston* v. *Wingfield,* 53 Ga. 22.) There is no question as to whether time was of the essence of the contract. For the defendant does not offer to pay what is due under the contract, but denies that he is in default. This case is determined in favor of plaintiff by *Hoffman* v. *Remnant,* 72 Cal. 1 [12 Pac. 804], which is precisely in point, and shows that the plaintiff had a right to recover. (See *Seabury* v. *Doe,* 22 Ala. 207, 217 [58 Am. Dec. 254], where the point is ably discussed and the authorities cited.) The plaintiff was

not called on to rescind the contract or return any part of the purchase money. His right of recovery is consistent with the contract. He recovers because the defendant was in default in paying the purchase money, and defendant cannot have land and money both. (*Central Pac. R. R. Co.* v. *Mudd,* 59 Cal. 585; *Seabury* v. *Doe,* 22 Ala. 207, 217 [58 Am. Dec. 254]; *Hansbrough* v. *Peck,* 5 Wall. (U. S.) 506 [18 L. Ed. 520, see, also, Rose's U. S. Notes].) Equitable principles cannot affect plaintiff's rights, since equity follows the law and rules as the law rules.''

We believe that the principles announced in *Hanna* v. *McNickle,* while there applied in an action to recover possession of real property, are equally applicable where the property possession of which is sought to be recovered is personal property. ▆ An equitable defense cannot be based on a contract which the defendant has failed to perform (*Howard* v. *Hewitt,* 139 Cal. 614 [73 Pac. 414]).

▆ We find no abuse of discretion in the refusal of the court to permit defendant to amend his answer. After the motion for judgment on the pleadings had been made and during argument thereon counsel for the defendant said: ''If Your Honor will permit me to amend the special defense by alleging—by saying that on or about the first day of December, 1925, the defendant purchased the property described in paragraph two of the complaint from the plaintiff under an agreement wherein and whereby the defendant agreed to pay plaintiff $2500.00 payable as follows—the terms are as evidenced by the contract.'' If we are to regard this as a formal motion for an order granting leave to amend, the fact remains that the proposed amendment, if incorporated in the answer, would not have given it any additional weight as a statement of facts constituting a defense; ▆ and the allowance or refusal of amendments during trial is a matter largely in the discretion of the trial court, whose rulings will not be disturbed on appeal unless an abuse of discretion is clearly shown (*Milliken* v. *Valencia,* 47 Cal. App. 16 [189 Pac. 1049]; *Billesbach* v. *Larkey,* 161 Cal. 649 [20 Pac. 31]).

The judgment is affirmed.

Craig, Acting P. J., and Thompson, Ira F., J., concurred.