[Civ. No. 875.   Fourth Appellate District.—October 2, 1931.]

C. C. NORTH, Respondent, v. LILLIAN EVANS, Appellant.

Titus & Macomber for Appellant.

S. G. North for Respondent.

ALLISON, J., *pro tem.*—In this action judgment in favor of the plaintiff was granted on the pleadings from which the defendant appeals upon a bill of exceptions.

The complaint was filed on the third day of October, 1930, and declares on two promissory notes. One of said notes is dated the thirteenth day of December, 1927, payable to E. D. Wilkinson, for the sum of $700, due 180 days after date thereof. The other note, for $787.50, is dated March 28, 1928, due on or before September 1st after date. It is alleged that no part of the principal or interest on either of said notes has been paid and "That prior to the commencement of this action for a valuable consideration the said note was sold and delivered to the plaintiff herein and that the said plaintiff is now the owner and holder thereof." The complaint is in two counts and the allegation above quoted is identical in each count.

The answer admits the execution of the notes in question and that no part of the principal or interest has been paid, but denies, that said notes were ever delivered except as in the special defenses therein set out. The answer in each count sets out certain transactions between defendant and E. D. Wilkinson, the payee named in said notes, out of which grew an indebtedness from the defendant to the said Wilkinson in the respective amounts named in the notes; admits the execution and delivery of said notes to Wilkinson and further alleges in each of said special defenses that at the time of making said notes it was agreed between them that the making, execution and delivery of the notes should be ineffective for any purpose whatever and should constitute no binding agreement between the parties thereto, until the

happening of a certain condition named in said special defense and that upon the happening of said condition the notes should immediately take effect and be and become binding agreements between the parties thereto. It is alleged that the condition upon which the notes were delivered has not occurred. The answer also denies that the notes are now due and payable.

Respondent insists that the special defenses would not, if true, make the delivery of the notes conditional; that they are to be regarded merely as matters of evidence, and as such would be inadmissible as an attempt to vary the terms of the written contract. It was held in the case of *Billings* v. *Everett,* 52 Cal. 661, that where an answer sets up as a defense an oral agreement between the defendant and the payee named in the note, made at the time when the note was executed, to the effect that the note should not be paid unless a certain canal was constructed across the lands of the defendant, so that a certain number of acres of land could be irrigated therefrom before the maturity of the note, and that the payee had failed to complete the canal in accordance with said agreement, that if this averment be true, the consideration of the note has failed in full or in part, and as the plaintiff took the note after maturity, the defense is available as against the note in his hands. (See, also, *Richardson* v. *Lamp,* 209 Cal. 668 [290 Pac. 14]; *Jefferson* v. *Hewitt,* 103 Cal. 624 [37 Pac. 638].)

If the answer puts in issue a material allegation of the complaint or sets up affirmative matter which constitutes a defense to the cause of action therein set forth, a judgment on the pleadings cannot be given in favor of the plaintiff. (*Cass* v. *Richmond Rochester,* 174 Cal. 358 [163 Pac. 212]; *Neale* v. *Morrow,* 174 Cal. 49 [161 Pac. 1165].) Under the allegation of the complaint that the plaintiff purchased said notes prior to the commencement of this action, it must be presumed that if the plaintiff had purchased the notes under such circumstances as would make her the holder thereof in due course, she would have so stated in her complaint. Under the state of the pleadings the notes are subject to any defense against the holder, which could have been interposed against the payee. (*San Jose Ranch Co.* v. *San Jose L. & W. Co.,* 132 Cal. 582 [64 Pac. 1097]; 19 Cal. Jur., p. 999.)

It is alleged in paragraph III of defendant's answer to count I of said complaint that "concerning the matters set out in paragraph III of count I of said complaint this defendant has not sufficient knowledge or information to answer the same and therefore denies the allegations of said paragraph III". The same paragraph is contained in the answer to count II of said complaint. Under section 437 of the Code of Civil Procedure the defendant, if he has no information or belief upon the subject sufficient to enable him to answer an allegation of the complaint, may so state, and base his answer on that ground.

. It will be observed that in the allegation in question, the denial is based upon a lack of knowledge or information only, and not upon a lack of information and belief. A denial in that form is clearly insufficient. (*Turner* v. *Watkins*, 36 Cal. App. 503 [172 Pac. 620]; *Aronson & Co.* v. *Pearson*, 199 Cal. 295 [249 Pac. 191]; *Davidson Inv. Co.* v. *Dabney*, 103 Cal. App. 392 [284 Pac. 673].) This attempted denial, as a pleading, tenders no issue.

It is also alleged that the promissory notes sued on were never sold nor assigned to respondent prior to the expressed date of maturity therein, and have never been assigned at any time for other purposes than for collection.

Appellant insists that this denial of the assignment of the notes to the plaintiff is sufficient to present an issue, and in support of her contention cites the case of *Cuneo* v. *Lawson*, 203 Cal. 190 [263 Pac. 530], in which case the court held that the answer denied the right of plaintiff, from any standpoint, to bring the suit, and that a mere ambiguity was without significance in the situation before the court. The court apparently had in mind the defective denial upon information and belief, coupled with the two denials following, as curing the ambiguity, and that therefore the plaintiff in the case was not entitled to a judgment on the pleadings.

The attempted denials of the sale and delivery of the notes in question are not aided by the allegation of said answer that the promissory notes sued upon were never sold nor assigned to respondent prior to the expressed date of maturity therein and had never been assigned at any time for purposes other than for collection. This allegation is clearly a negative pregnant and is insufficient to tender an issue. (21 Cal. Jur. 154.)

The judgment is reversed and the cause remanded for a new trial.

Barnard, P. J., and Marks, J., concurred.