[Civ. No. 8223. First Appellate District, Division Two.—April 18, 1932.]

J. F. WATKINS et al., Respondents, v. J. F. WARREN et al., Appellants.

Zach Lamar Cobb and Earl A'. Littlejohns for Appellants.

Harry L. Cohn, Jonah Jones, Jr., and Charles C. Stratton for Respondents.

BURROUGHS, J., *pro tem.*—This is an appeal from a judgment in ejectment rendered against the vendees in possession.

The action was for the possession of real estate sold to appellants by respondents under a contract of sale. The

appellant vendees made default in various payments and under the forfeiture clause, time being of the essence of the agreement, the respondent vendors elected to declare the contract terminated, suing for possession only.

The purchase price as set out in the contract was the sum of $22,500 to be paid as follows: $5,000 upon the execution of the agreement, payment of which was acknowledged; vendees agreed to pay a certain trust deed for $6,500 due the Mutual Building and Loan Association of Long Beach, California, also a certain trust deed for $1,000 in favor of Frank C. Root; further, the sum of $1500 on or before June 30, 1928, and $4,160 on or before December 30, 1928, and the further sum of $4,160 on or before December 30, 1929, all to bear interest at eight per cent per annum, payable semi-annually from date. Vendees were to keep improvements on the premises insured for an amount of at least $2,200. The first installment of taxes for the year 1927–1928 was to be paid by the sellers and all subsequent assessments were to be paid by the buyers. The agreement dated December 2, 1927, is between "J. F. Watkins and Ethel A. Watkins, husband and wife, . . . , Sellers, and J. F. Warren and Adelaide K. Warren, husband and wife, as joint tenants with right of survivorship, hereinafter designated as the Buyers."

The defendants and appellants by their answer set up the affirmative defense of fraud, alleging that they were induced to make the contract through the fraud which consisted of misrepresentations as to the value of previous crops, as to existence of frost, and as to condition of the trees, etc. They allege the transfer of all right, title and interest of the Warrens, husband and wife, to William T. and Velma Morgan and that the consent of these defendants was likewise procured through the fraud of plaintiffs. They specifically deny each and every allegation of default, but at the trial they stipulated that such payments had not in fact been made by them, excusing their failure to pay on their allegations of fraud. Upon objection by plaintiffs the court refused to allow defendants to present any evidence in support of their affirmative defense. However, leave was granted them to file an amendment to the answer whereby they set up allegations purporting to show that plaintiffs, by their acceptance of payments after the due date thereof,

had waived their right to declare a forfeiture. Objection to evidence under this defense was also sustained.

Plaintiffs and respondents introduced as exhibits certain letters referring to the contract. One dated October 10, 1928, is addressed to "Mr. J. F. Warren, 5436 Hampton Court, Los Angeles, California." In this letter occurred the following passages:

"I wish to, at this time, call your attention to the fact that the payments of both principal and interest are now in arrears and that I look to you for the payment of same immediately.

"Any arrangements or contracts which you might have issued covering the same property would not affect the payments due me as this would be a personal matter between yourself and the party to whom you are selling to.

"It is therefore demanded that all future payments on the contract to be made direct to me by yourself strictly in performance of the contract. . . .

"(Signed) ETHEL A. WATKINS."

The letter of January 2, 1929, addressed to "J. F. Warren and Adelaide K. Warren, 5436 Hampton Road, Los Angeles, California," calling attention to the agreement of sale, recites "that the following payments are delinquent:

"Balance of June 30th payment $166.67; Interest on June payment to December 30, 1928, $27.47;

"You have failed to pay the taxes in accordance with the terms and conditions of the contract hereinabove referred to;

"You have failed to make the payments to the Mutual Building and Loan Association of Long Beach, California, and we are advising you that you are delinquent to said company in the amount of $232.80;

"You have failed to pay the payment due December 30, 1928, in the amount of $4160, together with interest in the amount of $332.80.

"We wish further to call your attention to that part of the agreement which provides that time is the essence of the agreement; that should you fail to comply with the terms and meet your payment that you should forfeit all moneys heretofore paid under the contract, and in accord-

ance with said provisions we hereby demand immediate possession of said property.

"(Signed) J. F. WATKINS."

A copy of the foregoing letter was inclosed in a letter sent to the defendants William T. and Velma Morgan with a demand to vacate the premises on or before January 5, 1929. This letter was also signed by J. F. Watkins.

Plaintiffs' exhibit No. 1, a copy of the contract in question, shows by its indorsements the acceptance of past due payments as follows:

Indorsement on principal:

| | |
|---|---|
| 7–10–28 | $414.00 |
| 7–19–28 | 414.00 |
| 10–16–28 | 263.76 |
| 11– 5–28 | 250.00 |
| | $1,341.76 |
| Balance past due | 158.24 |
| | $1,500.00 |

Indorsement of interest:

| | |
|---|---|
| 7–14–28 | $200.00 |
| 11– 5–28 | 200.00 |
| | $400.00 |

These are the payments by the acceptance of which appellants allege plaintiffs and vendors waived their right to declare a forfeiture.

■ Appellants claim that they should have been permitted to offer evidence under their affirmative defense of fraud and misrepresentation. By their answer defendants are attempting to claim a right to the possession of the premises without making the payments demanded by the contract of sale. Admitting default and making no offer to pay the amounts due, the attempt to excuse their default by alleging fraud in the procurement of the contract and asking for damages is neither proper answer nor counterclaim in an action for ejectment where plaintiff seeks possession only and does not sue for the remainder of the purchase price. Such claim cannot defeat plaintiffs' recovery and defendants' claim for damages because alleged fraud in the procurement of the contract cannot be said to arise

out of the same transaction. The court very properly refused to receive evidence in support of the answer. This rule is set out very clearly in the following cases: *Los Molinos° Land Co.* v. *MacKay,* 175 Cal. 305, 307, 308 [165 Pac. 926]; *Hincksman* v. *Delacour,* 47 Cal. App. 416 [190 Pac. 832]; *Verbeck* v. *Clymer,* 202 Cal. 557, 560, 561 [261 Pac. 1017]. An equitable defense cannot be based on a contract which the defendant has failed to perform. (*Davidson Investment Co.* v. *Dabney,* 103 Cal. App. 392 [284 Pac. 673]; *Haile* v. *Smith,* 128 Cal. 415 [60 Pac. 1032]; *Hannan* v. *McNickle,* 82 Cal. 122 [23 Pac. 271]; *Gervaise* v. *Brookins,* 156 Cal. 103, 108 [103 Pac. 329]; *Hoffman* v. *Remnant,* 72 Cal. 1 [12 Pac. 804, 805].) In the case of *Hoffman* v. *Remnant, supra,* it is said: "To allow a defendant in an ordinary action of ejectment to set up matters which do not constitute a defense, but are intended merely as the foundation for a money judgment against plaintiff, would be to sanction something unknown to the principles and rules of pleading . . . "

Appellants claim that they should have been allowed to present evidence in support of their amendment to the answer. It is their contention that by the acceptance of the past due payments as set out herein, *supra,* plaintiffs waived their right to declare a forfeiture without proper notice and demand.

██ It has been repeatedly decided and is undoubtedly the law of this state that, "A vendor by accepting payments after the times specified in the agreement for sale of real property waives the provision with reference to time being of the essence of the contract as to those payments and cannot thereafter effectually declare a forfeiture of vendee's right to purchase and of payments already made without notice that in the future a strict performance will be required." (*Retsloff* v. *Smith,* 79 Cal. App. 443, 450 [249 Pac. 886, 888]; see, also, *Newell* v. *E. B. & A. L. Stone,* 181 Cal. 385, 388 [9 A. L. R. 993, 184 Pac. 659]; *Boone* v. *Templeman,* 158 Cal. 290 [139 Am. St. Rep. 126, 110 Pac. 947].)

It is clear that plaintiffs in this case by their acceptance of various past due payments waived the time is of the essence clause *as to those payments.* The payment of $1500 was due *in toto* June 30, 1928, also a payment of interest in the amount of $400 and plaintiffs accepted part pay-

ments on the 10th, 14th and 19th of July, respectively, as shown by the indorsements on the contract. But there is no merit to appellants' contention that by the acceptance after October 10, 1928, of further installments on these past due payments, respondents waived the demand of October 10, 1928, restoring the time is of the essence clause. This notice is in no way affected by acceptance of past due payments which were past due at the time the notice was given nor is it retroactive. The notice is intended to affect and can affect only such payments as may become due after the date of the notice. If plaintiffs have accepted any past due payment which became due after October 10, 1928, they have again waived the time is of the essence clause. The only payments set out in appellants' amendment to the answer by which they claim a waiver are these which were due and in default before the date of plaintiffs' notice. The authorities cited, *supra*, are clear on this point.

Appellants further contend that the notices and demands given by plaintiffs were insufficient in that no notice of any character was given to either of the defendants Adelaide K. Warren, William T. Morgan or Velma Morgan, restoring the time provision of the contract or giving them an opportunity to make the delinquent payments; and, further, that the notices and demands were not signed by both plaintiffs.

The only allegation made by appellants as to the sufficiency of notice is found in the amendment to the answer, paragraph three, which reads as follows: "Defendants further allege that they, and each of them, relied upon the acceptance of said payments after the same became due and thereby understood that no immediate default would be declared in the event that any of said payments were not made upon the day that same became due and the defendants William T. Morgan and Velma Morgan allege that they had no notice of any character, either oral or written, notifying them of the restoration of said time provision of said contract, and further allege that they had no notice of any character, either oral or written, regarding said payments until on or about the 2d day of January, 1929, when notice was served upon them by Jonah Jones, Jr., notifying them to vacate said premises by January 5th, 1929."

It will be noticed that there is no allegation of surprise as to either of the defendants in privity with the contract and no attempt to deny that both J. F. Warren and Adelaide K. Warren, the defendant vendees, received the notice of October 10, 1928, restoring the time clause to the contract.

It was shown at the trial that the property in question is of record in the name of Ethel A. Watkins, though it was admitted to be community property. The notice was signed by Ethel A. Watkins only. The action in ejectment was brought by both parties. ■ The notice of October 10, 1928, was addressed to J. F. Warren and, in the absence of any allegation to the contrary, the court was entitled to presume that Adelaide K. Warren, his wife, received the same notice.

■ Respondent vendors were not bound to notify the appellants Morgan (assignees of vendees) as no privity of contract existed between respondents and these defendants, respondents having at all times looked to the original vendees for payment as they stated in the said notice of October 10, 1928.

■ The question remaining is: Was the notice ineffectual because signed by only one of the plaintiffs, both plaintiffs having joined in the action? Appellants cite the case of *Jameson* v. *Chanslor-Canfield M. Oil Co.*, 176 Cal. 1, at page 4 [167 Pac. 369, 371]. The facts in that case are not similar to the facts in the case at bar. It was there held that where a lease provided that a forfeiture could take place only upon the giving of a thirty-day notice by the "parties of the first part" such forfeiture could not be claimed by two of the joint lessors over the objection of the third. The case was decided upon the strict interpretation of the terms of the lease. The court said: "We are not dealing with the rights and remedies secured to the lessors by force of the law, but with the rights which they secured to themselves by the provisions of their contract."

In the case at bar no notice is stipulated in the contract and no notice of forfeiture was necessary except as plaintiffs by their leniency had waived their right to declare a forfeiture immediately after a breach and must give notice of their intent to reinstate the time is of the essence clause before their right of forfeiture could be claimed against defendants' belated offer of payment.

The notice of October 10, 1928, was signed by Ethel A. Watkins, vendor. The notice of January 2, 1929, was signed by J. F. Watkins and the action was prosecuted by both parties. The judgment of the court restored the possession of the property to the vendors named in the contract. There is no such confusion of interests as resulted from the decision in the Jameson case, *supra.*

In *Newell* v. *Stone*, cited *supra*, at page 388, it is said: "If, within a reasonable time after the receipt of the notice the purchaser had tendered payments of the amounts due under the terms of the contract, perhaps the seller would have been bound to accept such tender." And again, "Plaintiff (the purchaser) was in default when the notice was received by him. True, his prior defaults had been condoned, and he could have reinstated himself by making prompt payments of the balance due under the terms of the contract, but he could not, by merely saying nothing, gain the right to demand repayment of the installments of the purchase price previously made."

That an allegation of waiver accompanied by an offer of payment is an equitable defense to a suit in ejectment where time is of the essence of the agreement, is established by many cases in this state. (*City of Los Angeles* v. *Krutz,* 170 Cal. 344 [149 Pac. 580]; *Webber* v. *Herbert,* 46 Cal. App. 84 [188 Pac. 819], and others.) In the case at bar neither the answer nor the amendment thereto raises any issue as to the facts alleged in the complaint. The court found in addition to the finding of failure to make the full payment of the $1500 that, "the defendants and each of them have failed and refused, and still fail and refuse, to comply with the agreement in that the said defendants have failed to pay the first half of the taxes delinquent December 3, 1928, and in addition thereto failed and refused, and still fail and refuse, to make the payments of principal and interest to the Mutual Building and Loan Association of Long Beach, California, for the months of October, November and December, 1928, being the said trust deed for the sum of Sixty-five Hundred ($6500.00) Dollars referred to in said contract; that the defendants and each of them have failed and refused, and still fail and refuse, to pay to the plaintiffs the sum of Forty-one Hundred and Sixty ($4160.00) Dollars, together with interest

thereon, which said sum fell due under the terms of said agreement December 30, 1928, no part of which has been paid".

Appellants are here seeking equity to absolve them from a legal default without having offered to do equity. They seek to retain the possession of the land without offering to make the payments due and in default thereon. They attempt to set out a waiver by vendors of the time clause without showing willingness or ability to pay at any time or making any offer whatsoever. Had any one of the defendants come into court with an offer to pay all moneys then due on the contract, the excuse of waiver and surprise might have been considered by the court. In *Verbeck* v. *Clymer*, 202 Cal. 557 [261 Pac. 1017, 1018], it is said: "A purchaser cannot remain in possession of lands under a contract and at the same time refuse to pay the purchase price." The vendor by accepting payments past due does not waive his right to receive payment for his lands and the only advantage gained by the vendee is the right under a proper showing to have his payments accepted within a reasonable time after the due date thereof. A naked pleading of waiver without alleging willingness and ability to perform the obligations of the contract is unavailing in a simple action in ejectment. (*Howard* v. *Hewitt*, 139 Cal. 614 [73 Pac. 414] ; 25 Cal. Jur. 618, 619; *Adams & McKee Land Co.* v. *Dugan*, 68 Cal. App. 226 [288 Pac. 681].) We believe that the notice of October 10, 1928, having given to the parties in privity with the contract actual notice, and having been claimed by both parties plaintiff, was sufficient to restore the time is of the essence clause to the contract and a reasonable time has been given to the defendants in which to perform. The attempted defense of waiver was ineffectually pleaded and the court correctly disallowed the offer of evidence thereon.

Appellants protest against the court's failure to grant an interlocutory decree giving defendants time within which to meet the due payments. The record shows that more than two and one-half months after the date of the notice to restore, viz., on December 30, 1928, a payment of $4,160 became due. Three days later the notice (January 2, 1929) demanding possession was sent and seven days thereafter the complaint was filed, and thereafter, three

months elapsed before the matter came on for trial. Defendant asked a stay of execution for twenty-four hours and the court granted a stay of forty-eight hours. This question does not merit further discussion.

The appellants having offered no proper defense either by answer or amendment thereto, the judgment is affirmed.

Spence, Acting P. J., and Sturtevant, J., concurred.