[In Bank. — July 20, 1883.]

## MICHAEL C. KIRSCH ET AL., RESPONDENTS, v. JOSIAH S. SMITH, APPELLANT.

EJECTMENT—JUDGMENT OF COUNTY COURT IN BAR—PLEADING—AMENDMENT.— The action was ejectment, and the defendant, after pleading to the merits, asked leave to amend his answer so as to set up a judgment of the county court in bar of the action. The court refused to allow the amendment. *Held*, that the judgment would not have been a bar, and that the amendment was properly disallowed.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The judgment of the county court referred to in the opinion was a judgment in favor of the defendant herein in an action of forcible detainer brought by the plaintiffs for the restitution and possession of the same premises in controversy in this action. The other facts are stated in the opinion of the court.

*A. H. Griffiths*, for Appellant, argued that the judgment of the county court was an estoppel, and that therefore the application to amend the answer should have been granted, but cited no authorities.

*George A. Nourse,* for Respondent, argued that appellant had lost his right to amend the answer by his own *laches.*

PER CURIAM.— The questions raised by appellant's counsel, with a single exception, were considered and decided adversely to his views in *Kirsch* v. *Brigard,* 63 Cal. 319. The question which distinguishes this case from that arises out of the ruling of the court upon an application of the defendant to amend his answer. The application was made more than three years after the filing of the original answer, and within five days of the commencement of the trial. The application was denied and the ruling excepted to. The provision of the Code applicable to this subject is as follows: "The court may likewise, in its discretion, after notice to the adverse party, allow, upon such terms as may be just, an amendment to any pleading or proceeding." (Code Civ. Proc. § 473.)

When the law gives to a lower court discretion we will not reverse its order or ruling unless there appears to have been an abuse of discretion. The amendment which the defendant asked leave to file set up a judgment of a county court as a bar to this action. As this was an action of ejectment, and the county court had no jurisdiction of an action of ejectment, nor of any other action in which its judgment would be a bar to an action of ejectment, we do not think there was an abuse of discretion in denying the motion to file the amendment.

Judgment affirmed.