[Civ. No. 3242. First Appellate District, Division One.—May 10, 1920.]

## ADA HINCKSMAN, Respondent, v. ERNEST WALTER SMITH DELACOUR et al., Appellants.

[1] VENDOR AND VENDEE—EJECTMENT BY VENDOR—VENDEE IN POSSESSION—EQUITABLE DEFENSES.—Vendees in possession, under a contract of purchase, not having performed their contract, and being in default with their payments, cannot maintain an equitable defense to an action of ejectment by the vendor.

[2] ID.—FRAUD OF VENDOR—REMEDIES OF VENDEE—DEFAULT—EJECTMENT.—Vendees in possession, under a contract of purchase which they were induced to enter into through the false and fraudulent representations of the vendor, must pay the purchase price, according to the contract, and receive such title as the vendor is able to give, if they choose to retain possession of the land, or they may rescind the contract, restore the possession to the vendor, and recover the purchase money paid, together with the other expenditures, after deducting therefrom the fair rental value of the premises. Refusing to adopt either course, they are liable to an action of ejectment by the vendor, in which they are not entitled to recover the purchase money paid.

APPEAL from a judgment of the Superior Court of San Diego County. C. N. Andrews, Judge. Affirmed.

The facts are stated in the opinion of the court.

Clarence S. Preston for Appellants.

Fred O'Farrell for Respondent.

WASTE, P. J.—This is an action brought by plaintiff, as vendor in a contract for the sale of real estate, against the defendants, who were vendees in possession, to recover possession of the land, and damages for the retention thereof, after alleged breach of the contract in failing to make payments, and for a judgment declaring the contract to have been broken, quieting plaintiff's title to the land, and for general equitable relief.

The defendants in their amended answer to the complaint denied a willingness on the part of the plaintiff to carry out the terms of the contract, and pleaded an affirmative equitable defense, based upon the ground of false and fraudulent representations, made to induce them to purchase the land. The same affirmative matter was set up in an amended cross-complaint, with a prayer for a rescission of the contract, and for an accounting of moneys paid to the plaintiff, and a finding as to the amount cross-complainants had expended in the necessary and proper care and maintenance of the property, and for judgment therefor. Plaintiff demurred to the amended answer and amended cross-complaint, and moved to strike out all the affirmative matter contained therein. The demurrer to the amended cross-complaint was sustained without leave to amend, and the court struck from the answer all of the affirmative matter pleaded as a defense.

By the judgment of the lower court plaintiff was awarded the immediate possession of the land, the contract of sale was canceled, and the plaintiff was given nominal damages for the detention. Defendants appeal on the judgment-roll claiming error on the part of the lower court in sustaining the demurrer to the amended cross-complaint, and in striking from the answer the matter alleged by way of an equitable defense. They also contend that the judgment was

47 Cal. App.—27

erroneous in giving the plaintiff possession of the land without a return of the purchase price.

Under the contract of sale entered into by the parties on February 8, 1912, the defendants agreed to pay the plaintiff the sum of $18,000 for the land, $6,000 of which sum was paid when the contract was executed, the balance to be paid in semi-annual installments of $500 each until the entire purchase price was paid, the first payment to be made on August 8, 1912. The defendants took immediate possession of the land and have continued in possession thereof ever since. They made the payment of $500, due August 8, 1912, a payment of $250 on February 10, 1913, and a payment of $250 on August 8, 1913, since which time they have paid nothing on the contract. On December 27, 1916, the plaintiff, in writing, notified the defendants that they were in default, and that she insisted upon full compliance with the contract, and payment within ten days, of all unpaid installments and interest. No payments being made by the defendants, the plaintiff made demand, in writing, for the possession of the premises, which being refused she brought this action in ejectment, and for damages.

By way of their attempted equitable defense, the defendants alleged that at the time of the making of the contract the plaintiff stated that the title to the property was unencumbered, whereas it was subject to certain easements for pipe-lines; misrepresented the amount of the annual income from the place; represented the amount of land to be 32.63 acres, whereas a highway dedicated to public use required and occupied two acres; and misrepresented the real purpose for which she desired to sell the property. Defendants further averred that upon discovering the alleged falsity of these representations they demanded of the plaintiff a rescission of the contract, and that they would make no more payments thereon, but would continue to demand an immediate rescission of the contract and repayment of all sums of money paid thereunder, at the same time offering to surrender the possession of the property, together with everything received by the defendants from the plaintiff, under the terms of the agreement. This demand of rescission, and offer in connection therewith, was rejected by the plaintiff. Defendants further allege that they have at all times offered, and do now offer, and are ready and willing, upon the re-

payment to them of the amount paid to plaintiff under the contract, and any other sums that the court may find to be legally due for money expended on the property, to return to plaintiff the possession of all of said property, together with all things received from her, the said plaintiff, by these defendants under said contract. They have not done so, however, and no other reason is given for withholding possession of the land from the plaintiff.

[1] From the situation thus presented by the pleadings, it is at once seen that the defendants, vendees in possession, under a contract of purchase, not having performed their contract, and being in default with their payments, are attempting to maintain an equitable defense to an action of ejectment by the vendor. Such a defense may not be maintained. The case is very similar in its essentials to *Garvey v. Lashells,* 151 Cal. 526, wherein, at page 530, [91 Pac. 500], the court said: "So far as the defense made by the answer is concerned, the case is simply that of a vendee who has received possession of the property from the vendors under a contract of sale attempting to retain possession as against the vendors without fulfilling his covenants as to payment." As was said in another decision: "It appears to be well established that, under such circumstances, the vendee cannot retain possession of the land, while neglecting to pay the price when due, and that the failure of the title does not give him the right to continue in possession by merely keeping good an offer to perform on his part conditioned upon performance by the vendor." (*Gervaise v. Brookins,* 156 Cal. 103, 106, [103 Pac. 329]; *Hoffman v. Remnant,* 72 Cal. 1, 4, [12 Pac. 804].) The action of the trial court in sustaining the demurrer to the amended cross-complaint, and in striking the affirmative matter from the answer, was, therefore, correct.

Appellants urged that the judgment of the trial court, restoring plaintiff to the possession of the land, without decreeing the return of the purchase price to the defendants, was erroneous. There is no merit in this contention. [2] As before stated, the defendants received possession of the land from the plaintiff under the contract, and can retain possession only by fulfilling their covenants which they therein made. It was not necessary for the purposes of this case, an action in ejectment, to determine whether or not the

respondent had a good and sufficient title, or whether or not defendants had been led to enter into the contract by false representations. If they desired to retain the possession acquired under the contract, they should have complied with their part of it. If they concluded not to comply, because the title was not satisfactory to them, or for any other reason, they were bound to restore possession to the plaintiff. Whatever cause of action they may have for the purchase money which they paid and for money expended in the preservation and maintenance of the property, is another matter. It constitutes no defense to the present action. Either they must pay the purchase price, according to the contract, and receive such title as the vendor is able to give, if they choose to retain possession of the land, or, they may rescind the contract, restore the possession to the vendor, and recover the purchase money paid, together with the other expenditures, after deducting therefrom the fair rental value of the premises. Having refused to adopt either course, they are liable to an action of ejectment by the vendor. (*Haile* v. *Smith,* 128 Cal. 415, 419, [60 Pac. 1032].) The law required them to surrender possession of the property or prove an eviction therefrom, before permitting the defense of failure of consideration, or a suit to recover the purchase price, or damages. (*Rhorer* v. *Bila,* 83 Cal. 51, 55, [23 Pac. 274] ; *Hannan* v. *McNickle,* 82 Cal. 122, 126, [23 Pac. 271].)

The judgment is affirmed.

Richards, J., and Gosbey, J., *pro tem.,* concurred.