[Civil No. 2366.    Filed October 17, 1925.]

[240 Pac. 275.]

## J. L. LEWIS, Appellant, v. G. W. ROUSE and LORA L. ROUSE, His Wife, Appellees.

1. Escrows—Vendor and Purchaser—Title Held not to Pass Under Escrow Agreement—Vendor in Agreement for Sale of Land has Remedy of Ejectment.—Where agreement for sale of property was placed in escrow together with deed, with provision that they should be delivered to the purchaser after payments specified in agreement, title would not pass to purchaser, since

---

1. See 10 R. C. L. 640.

transaction remained contract to be performed in the future, and vendor has legal remedy of ejectment.

2. VENDOR AND PURCHASER — VENDOR RETAINS LEGAL REMEDY OF EJECTMENT, NOTWITHSTANDING PROVISION IN SALE CONTRACT AS EVIDENCE OF INTENTION TO MAKE SALE.—Notwithstanding provision in agreement for sale of land authorizing vendor, on failure of vendee to make payments, to sell property and apply proceeds to satisfy note and pay vendee, and agreement to sell Texas property and apply receipts in paying off balance due on contract as evidencing intention to treat transaction as sale, *held* vendor retained legal remedy of ejectment.

3. VENDOR AND PURCHASER—VENDOR'S LIEN ON LAND SOLD ON AGREEMENT DOES NOT PREVENT ACTION OF EJECTMENT.—If agreement for sale of property, which together with deed was placed in escrow, gave vendor a lien on land, it would not prevent action of ejectment.

4. SET-OFF AND COUNTERCLAIM—COUNTERCLAIM TO ACTION IN EJECTMENT FOR FRAUD IN INCEPTION OF CONTRACT NOT ALLOWED.—In action to recover possession of land sold on agreement, counterclaim for deceit and fraud in inception of contract was not permissible; Civil Code of 1913, paragraph 1627, providing there should be no counterclaim in such action except of like proceedings.

5. APPEAL AND ERROR—SUPREME COURT CANNOT CONSIDER EVIDENCE INTRODUCED OVER OBJECTION ON SUBJECT NOT SET UP IN PLEADING.—Where defendant, in action to recover possession of land sold on contract, did not set up in answer as affirmative defense fact that plaintiff had previously brought action on notes given under contract, Supreme Court cannot consider evidence thereto introduced over plaintiff's objection.

See (1) 21 C. J., p. 882; 39 Cyc., p. 1886.   (2) 39 Cyc., p. 1886. (3) 39 Cyc., p. 1886.   (4) 34 Cyc., p. 652.   (5) 4 C. J., p. 679.

APPEAL from a judgment of the Superior Court of the County of Cochise.   Albert M. Sames, Judge. Affirmed.

Mr. Bruce Stephenson, for Appellant.

Messrs. Knapp, Boyle & Pickett, for Appellees.

3.  See 27 R. C. L. 621.

ROSS, J.—This is a statutory action in the nature of ejectment, and was brought by G. W. Rouse and wife against J. L. Lewis to recover possession of some farming lands situated in Cochise county. Throughout this opinion we shall designate the parties as they appeared below.

The defenses pleaded are, in substance: (1) That defendant, on December 10, 1920, purchased from plaintiffs said premises, paying therefor $1,500 cash and his six several notes for $916.67 each, bearing interest at eight per cent per annum, to be paid at the times and in the manner hereinafter stated, and secured by an equitable mortgage on premises; and (2) a counterclaim for $3,500 damages for fraud and deceit in the inception of contract.

The case was tried before the court, without a jury, and resulted in a judgment in favor of the plaintiffs, from which the defendant appeals.

The first defense involves the construction of a contract between the parties under and by virtue of which the defendant went into the possession of the premises. This instrument is headed "Agreement," and it is so designated in its body. It runs from plaintiffs to defendant, and recites that first parties had executed deed of conveyance of ranch property to second party, to be placed with the agreement in escrow pending the performance of the covenants, agreements, and conditions governing the conveyance of the property.

The contract price named is $7,000, of which $1,500 is acknowledged paid in cash; the balance to be paid in six installments of $916.67 each, to be evidenced by six several notes bearing interest at eight per cent per annum, the first note to become due December 10, 1921, and one each year thereafter. In case of default in payment of any note or interest for sixty

days after due, the first parties are given the right, to be exercised at their option, of appointing a trustee with power to sell the property at either public or private sale and apply the proceeds in payment of the balance due, and if anything is left turn it over to the second party. The second party, "in addition to such securities as are herein provided for," agrees to sell certain described real property owned by him in Texas and to apply $1,500 of what he may realize from such sale on defendant's notes.

In pursuance of the terms of the agreement, defendant gave plaintiffs the notes covering balance, and these, the deed, and agreement were taken by the parties to and placed with the Miners & Merchants' Bank, of Bisbee, as escrow-keeper. The defendant was given possession of the premises on January 21, 1921, and has occupied and used them ever since, but has failed to pay notes or any of them or any part thereof.

If this contract were wholly executory, it is safe to say no court of equity would undertake to enforce its specific performance, at least until it was reformed so as to show more definitely what the parties intended by it. It is a crude effort by laymen to put into writing their agreement whereby one of them was to pay money in a named amount, at stated intervals, and the other was to convey to him a piece of ranch property. Doubtless they understood each other, but when they, or their draftsman, put the contract in writing, it dismally failed to express many of the details common to such a transaction. Learned counsel, while admitting difficulties in construing the contract, have their divergent theories. As we understand defendant, he, in effect, contends the transaction as it is described in the writing was a sale of the ranch property by plaintiffs to him. But that

cannot be, since a sale imports the actual transfer of title from the grantor to the grantee. Here the deed of conveyance was placed, as the agreement provided it should be, in escrow (along with the agreement), with the understanding that the escrow-keeper should not deliver it to the grantee until his notes were paid. It was therefore only an agreement to sell the premises, or a contract to be performed in the future, which in its very nature might never be completed because of breaches or rescissions or releases that might occur. 9 Cyc. 286–288. Ordinarily the agreement for escrow, or the escrow itself, expressly provides the penalties for a default in making payments, and authorizes the escrow keeper to return the escrow papers to the grantor and thus put an end to the contract of sale. Here there is no such provision in the writing between the vendors and the vendee. In such case, however, the law provides the penalty. The purchaser is not entitled to the possession of the premises, however obtained, if he has failed to perform his agreement to make payments. *Burnett* v. *Caldwell,* 9 Wall. 290, 19 L. Ed. 712, was an ejectment proceeding, and involved the right of the vendee of real property to retain possession after default in making two deferred payments of $7,000 each; he having made an initial cash payment of $4,000. The court said:

"The legal principles which must govern the determination of the case are all well settled. If the contract in such cases be silent as to possession by the vendee, he is not entitled to it [citing cases]. If the contract stipulates for possession by the vendee, or the vendor puts him in possession, he holds as a licensee. The relation of landlord and tenant does not subsist between the parties. The characteristic feature of that relation is wanting. The vendee pays nothing for the enjoyment of the property. The case comes within the category of a license [citing cases].

In such cases the vendee cannot dispute the title of the vendor any more than the lessee can question the title of his lessor [citing cases]. The assignee of the vendee is as much bound by the estoppel as the vendee himself [citing case]. Upon default in payment of any installment of the purchase money, the possession becomes tortious, and the vendor may at once bring ejectment.''

The rule thus announced is well-settled law. *Reynolds* v. *Bean,* 91 Vt. 247, 99 Atl. 1013; *Hincksman* v. *Delacour,* 47 Cal. App. 416, 190 Pac. 832; *De Barnardi* v. *McElroy,* 110 Mo. 650, 19 S. W. 626.

But it is said the provision in the agreement authorizing the vendors at their option, upon the failure of the vendee to pay installments, to sell the property through a trustee of their own appointment and apply the proceeds to satisfy notes, while incapable of enforcement because prohibited by statute (paragraph 4113, Civ. Code 1913; *Schwertner* v. *Provident, etc.,* 17 Ariz. 93, 148 Pac. 910), is evidence of an intention of the parties to treat the transaction as a sale and not a contract of sale, and the agreement as an equitable mortgage for any unpaid balance; also that such intention is further shown by the vendee's agreement to sell Texas property and apply $1,500 of the receipts therefrom in paying off the balance due vendors.

We take it that these were mentioned as possible sources to the vendee to meet his obligation, but were not intended to be the only means available to the vendors in case of default by defendant. We think, notwithstanding such provisions in the agreement, the vendors retained their legal remedies, among which is the action of ejectment. When the vendee failed or refused to make the payments as agreed, he, in legal contemplation, abandoned his contract; and in such case, while other remedies would be available

29 Ariz.—11

to the vendors, they may bring their action in ejectment. *Kirsch* v. *Smith,* 64 Cal. 13, 27 Pac. 942; *Graves* v. *White,* 87 N. Y. 465. If, however, it be granted the agreement gave the vendors a lien upon the property sold for any unpaid balance, that would not prevent this action of ejectment. Our sister state of Texas, where vendor's liens are recognized—and we take it such a lien is analogous in effect to the one asserted here—states the law as follows:

"It is unnecessary to cite authorities upon the proposition that a vendor, who has reserved an express vendor's lien to secure the consideration for a conveyance, in event of default by the vendee, may rescind the contract, and sue in trespass to try title, and recover the land. The authorities are also uniform in support of the doctrine that where a conveyance is made upon condition, and the condition is broken, the vendor may recover the land. *Alford* v. *Alford,* 1 Tex. Civ. App. 245, 21 S. W. 283; *Railway Co.* v. *Dunman,* 74 Tex. 265, 11 S. W. 1094; *Gibson* v. *Fifer,* 21 Tex. 262. There is no sounder principle in law nor in morals than that one cannot hold property bought under a contract and repudiate the obligation of the contract upon which title is conditioned. *White* v. *Cole,* 87 Tex. 502, 29 S. W. 759; *Railway Co.* v. *Gurley,* 92 Tex. 233, 47 S. W. 513; *McPherson* v. *Johnson,* 69 Tex. 484, 6 S. W. 798." *Imperial Sugar Co.* v. *Cabell* (Tex. Civ. App.), 179 S. W. 83, at pp. 90, 91.

The counterclaim for damages for deceit and fraud in the inception of the contract was rejected, as also evidence in support thereof, on the ground that it was not a proper matter of defense to an action of ejectment; and complaint is made of this ruling.

This is not an action upon the contract, but an action to recover the subject matter of an abandoned contract—abandoned by the defendant because of his failure to perform his agreement and make payments

as he had covenanted to do. As was said in *Empire Inv. Co.* v. *Mort,* 169 Cal. 732, 147 Pac. 960:

"The counterclaim does not tend to defeat plaintiff's recovery. Plaintiff asked for possession of certain land. Defendants' demand was for a money judgment by way of damages. Plainly the two causes of action founded on tort were distinct and did not arise out of the same transaction."

In that case it was held that such a defense could not be maintained. It seems plain the defense is not allowed under the statute. Paragraph 1627, Civil Code, provides that:

"Actions for the recovery of real property shall be by ordinary proceedings, and there shall be no joinder and no counterclaim therein, except of like proceedings, as provided in this chapter."

What the answer may contain is stated in said chapter in a general way. By paragraph 1642 the defendant may set off against damages for withholding or using or injuring the property the value of any permanent improvements made thereon by him, to the extent of such damages; but the counterclaim pleaded is not of that nature. This is a statutory action, and the legislature has prescribed, as it had a right to do, that there should be no counterclaim pleaded by defendant except as stated. This is conclusive on this point.

The defendant was permitted, over the objection of plaintiffs, to prove that the latter had, previous to bringing this suit, brought an action against him upon the notes given for the balance of the purchase price of land, and subsequently dismissed the same. The evidence was offered upon the theory that such suit was an election by plaintiffs to treat the transaction as a completed sale and a waiver or estoppel by election of remedies. The defendant did not

plead in his answer the former suit. Such a defense, consisting, as it necessarily does, of affirmative matter, should have been set out in the answer with sufficient detail to show that the remedy first sought was an available remedy. 20 C. J. 37, § 32. If the evidence to establish this defense had been admitted by consent or had gone in without objection, notwithstanding the failure to plead it, it would perhaps have become our duty to determine whether the former suit was a bar to the present one. *Roberge* v. *Winne,* 144 N. Y. 709, 39 N. E. 631; *Henry* v. *Herrington,* 193 N. Y. 218, 20 L. R. A. (N. S.) 249, 86 N. E. 29. The evidence, however, was objected to and admitted without plaintiffs' consent; hence under the law we are not permitted to inquire as to the merits of the question.

The judgment of the lower court is affirmed.

McALISTER, C. J., and LOCKWOOD, J., concur.