236 P.2d 1010

**JUNKER v. GLENDALE UNION HIGH SCHOOL DIST. et al.**

No. 5550.

Supreme Court of Arizona.

Nov. 5, 1951.

Kramer, Morrison, Roche & Perry, Phoenix, for appellant.

Warren L. McCarthy, County Atty., and Robert H. Renaud, Deputy County Atty., Phoenix, for appellees.

UDALL, Chief Justice.

Under the provisions of Section 21–1830, A.C.A. 1939, this case is submitted upon an "agreed statement" which reads as follows:

1. Plaintiff sought a permanent injunction against the issuance and sale of certain bonds of Glendale High School District.

2. The school board certified to the board of supervisors that at the bond election 2,172 votes were cast, of which 22 were rejected for cause, 1,168 voted in favor of the issuance of the bonds, and 982 voted against such issuance.

3. It is further alleged by the complaint, (but denied in the answer) that of the 1,168 votes counted as being in favor of the issuance of the bonds more than 373 thereof were cast by persons who were not real property taxpayers within the intent of the Constitution of Arizona.

4. A special master was appointed by the court to examine into the qualifications of such voters. He examined the records and duly rendered his report.

5. Both parties moved for judgment and the court granted the defendant's motion and entered judgment accordingly.

The sole question to decide is whether a purchaser of realty under an installment sales contract, who is required by that contract to pay the taxes upon the property, and does pay them, is a real property taxpayer within the meaning of the pertinent section of the Constitution of Arizona?

Section 13, Article VII of the Constitution provides: "Questions upon bond issues or special assessments shall be submitted to the vote of *real property taxpayers,* who shall also in all respects be qualified electors of this state, and of the political subdivision thereof affected by such question." (Emphasis supplied.)

The issue is not without difficulty, and having made a thorough search of the au-

thorities cited by both sides as well as an independent search we fail to find a case directly in point. However the late case of Morgan v. Board of Supervisors, 67 Ariz. 133, 192 P.2d 236, decided a somewhat related matter. In that case the issue was whether a person owning real property which was wholly exempt from taxation was a real property taxpayer within the meaning of Section 13, Article VII, supra. The question was answered in the negative. We there quoted with approval from Law v. Village of Marthaville, La.App., 195 So. 83, 85, which we believe is applicable to this case, viz.: "But the majority of the court think otherwise, being of opinion that by the term 'property tax payer,' *the Constitution means a person who is such at the moment he or she offers to vote, and is such not ostensibly merely or, in other words, according to the assessment roll, but in reality;* that in the intendment of the Constitution *those only shall vote who are to pay the tax, who would be voting the tax upon themselves, and not upon others;* those only who are really owners of the property at the time it is voted." (Emphasis supplied.)

The Constitution plainly states that only real property taxpayers are eligible to vote at bond elections. The term "real property taxpayers" was construed in Morgan v. Board of Supervisors, supra, to mean "a person subject to taxation on realty and regularly paying taxes thereon". In the instant case the purchasers under the contracts are the ones who as a matter of fact

22

are subject to the taxes and really paying them.

It is true that bare legal title is still in the vendors, which they hold merely as a security device, and in trust for the vendees. The vendees of a specifically enforceable contract are the equitable owners and as such have been held to be the real owners. City of Phoenix v. State ex rel. Harless, 60 Ariz. 369, 137 P.2d 783, 146 A.L.R. 1255; Ritchie v. City of Green Bay, 215 Wis. 433, 254 N.W. 113, 95 A.L.R. 1081; Bowls v. Oklahoma City, 24 Okl. 579, 104 P. 902, 24 L.R.A.,N.S., 1299; Law v. Village of Marthaville, supra. The contract contemplates that the vendee shall eventually acquire the legal title and gives him the right to continue the payments, and ultimately demand the legal title. He assumes all the burdens of ownership, including the duty as between him and the vendor of paying the taxes.

The vendor under these circumstances would not be allowed to vote on a claim of ownership of this property at bond elections, because he would not be a taxpayer as required by the Constitution. Morgan v. Board of Supervisors, supra. The vendee is the only person eligible under the constitutional provision and should be accorded this privilege whether the property is assessed to him or not, as he is primarily affected by the results. He is the one who must pay the additional taxes and bear the burden of the lien thus created.

It is assumed that the officials in charge of school district bond elections have properly safe guarded this privilege by requiring satisfactory proof from those who present themselves as voters, that they are qualified under the law.

Appellant relies upon Lewis v. Rouse, 29 Ariz. 156, 240 P. 275, and Snow v. Kennedy, 36 Ariz. 475, 286 P. 930, to support his propositions. We have read these cases carefully and find they do not deal with taxation or bond elections and therefore are not applicable.

For the reasons given we agree with the learned trial court that the sole question presented should be answered in the affirmative.

Judgment affirmed.

STANFORD, PHELPS, DE CONCINI and LA PRADE, JJ., concur.